THE INHABITANTS OF THE TOWNSHIP OF EATONTOWN
v. MONTILLION WOLLEY.

1. The provisions of section 128 of the Road act are applicable to every case where, after an appeal legally taken, there has been a reversal upon *certiorari* in this court, or upon motion in the Common Pleas, irrespective of the grounds upon which such reversal is rested.
2. The provision of section 17 of the Road act makes legal the report of an assessment made by two of the three freeholders appointed to review and correct the same.

On *certiorari* to the Monmouth Common Pleas.

In laying out a public road in the township of Eatontown, in the county of Monmouth, lands of the defendant were taken and an assessment of damages made to the defendant. Within twenty days after the filing of the return of the surveyors, notice of appeal from the assessment was given by the defendant, and such proceedings had in the Common Pleas of Mon-

mouth county on such appeal that on the 19th day of December, 1885, a report of freeholders appointed by the court for that purpose, re-assessing the said damages, was made and filed. At the instance of the plaintiff in *certiorari*, in the Court of Common Pleas, on the 29th day of April, 1886, the order of the court appointing the freeholders for a review, together with the report of the freeholders in virtue of such appointment, was vacated and set aside. The ground of such action by the court, as stated in their rule, was that no notice had been served upon the township of the time, place and purpose of the defendant's application for appointment of freeholders. On a further application of the defendant for the appointment of freeholders to review the said assessment, three freeholders were duly appointed on the 12th day of August, 1886. The report of an assessment, bearing date the 18th day of September, 1886, and signed by two of the said freeholders last appointed, was filed in the office of the clerk of the county of Monmouth.

This proceeding is instituted to set aside the second appointment made by the court and the report and proceedings of the freeholders assessing the damages under such appointment.

In the reasons filed two formal objections are presented : first, that the court was without jurisdiction to make the second, appointment; second, that only two of the chosen freeholders acted in making the assessment.

Argued at November Term, 1886, before Justices KNAPP and DIXON.

For the prosecutor, *James Steen.*

For the defendant, *Wilbur A. Heisley.*

The opinion of the court was delivered by

KNAPP, J. When lands have been taken in laying out a public highway, and either the land-owner or the township liable to pay is dissatisfied with the damages awarded to the

owner for the appropriation of his lands to the public use, the party so dissatisfied, upon filing notice thereof with the county clerk, within twenty days from the filing of the surveyors' return, may apply to the next Court of Common Pleas, or if that term begins within twenty days after filing the notice of appeal, then the next subsequent term, for the appointment of three chosen freeholders to review and correct the assessment. Ten days' notice of the time, place and object of the application for such appointment must be given, by the party appealing, to the other side. *Rev., p.* 999, §§ 17, 20.

The report of the three chosen freeholders, or a majority of them, when made and filed in the office of the clerk of the county, is declared to be "final and conclusive to the parties interested." *Id.,* § 17. It may happen that through errors in procedure in the making of the appointment by the court, or through the conduct of the appointed officers, or the failure to give required notices, or latent circumstances disqualifying those designated to make the re-assessment, or other cause, that the report of the chosen freeholders may be reversed and set aside, either in the court which appointed them or on *certiorari* to this court.

In such case the one hundred and twenty-eighth section of the Road act enacts that the court may, upon proper application made within six months from the time of entering the reversing order or judgment, make a new appointment of freeholders to assess and report the damages.

The first objection urged against the legality of the proceedings here under review is that the court making the appointment of freeholders had not jurisdiction to make such appointment, the prosecutor insisting that the provisions of the one hundred and twenty-eighth section of the Road act do not apply where previous proceedings in review have been set aside because the court acted, in making the first order of appointment, without notice to the township. The language of that section, so far as its recital is necessary, is as follows: "Whenever the report and proceedings of chosen freeholders, appointed under and by virtue of the provisions of the second

section of the act approved March twenty-second, eighteen hundred and sixty, have been or shall be set aside or reversed, upon *certiorari* or otherwise, the Court of Common Pleas by whom the said freeholders were appointed shall have the power and authority to make another and new appointment of chosen freeholders, for the purposes and upon the notice directed in said act; and the said chosen freeholders so newly appointed shall proceed to perform their duties, and meet upon the same notice, and their report shall be filed and have the same force and effect, in all respects, as provided for in said act."

Jurisdiction in the court to appoint freeholders to make a re-assessment arises when a report of freeholders appointed under and by virtue of the second section of the act of 1860 is set aside. It is claimed that as no notice was given of the application to the court for the first appointment, that such appointment was not made under and by virtue of the provisions of that act, and the conditions required under the act of 1874 for a second appointment did not exist to give the court jurisdiction. If the proceedings before the court in the first instance were for any cause entirely void, and not voidable merely, the objection would seem to be a forcible one. But the latter I regard as the true character of the first appointment. There is no doubt that the first report made and filed was valid except as against the objection of the party entitled to the statutory notice that it was not given. This objection was one that could be waived by the party whose right it was to raise it. His formal waiver in court was not necessary to validate its action; an appearance without objection, or subsequent acquiesence, would have bound him to a waiver. The other side would not be heard in presenting objection to want of notice. Under this statute, fairly interpreted, jurisdiction in the court to appoint freeholders to review the surveyors' award of damages arises upon the filing of notice of appeal, and presentation of a proper application to the court within the time limited by the act; the requirement of notices, and other measures in the progress of review, are regulations in pursuing the remedy.

The legislature used the phrase, "report, under and by virtue of the provisions of the act," as a designation of the appeal which, on its failure, might be reviewed. It would be too rigid an interpretation of the legislative intent to hold that the second review was designed to be given only when the the first appointment of freeholders which had failed had been made in exact conformity with all the requirements of the law. The right to redress on appeal loses nothing in merit because it has once failed through the inconsiderate or erroneous action of the court.

This is a remedial statute and calls for a liberal construction in favor not only of land-owners whose constitutional right to be paid for their lands taken for the public use it designs to secure, but also in the protection of the public against excessive awards. We think its terms are sufficiently plain, and that its provisions are applicable to every case where, after an appeal legally taken, there has been a reversal upon *certiorari* in this court, or upon motion in the Common Pleas, irrespective of the grounds upon which such reversal is rested. Any other interpretation of this statute would, we think, be clearly against the letter of the law as well as its spirit. There is nothing in this ground to justify a reversal of these proceedings.

As to the second ground of objection, that but two of the freeholders acted, we think that this is equally untenable; for the provisions of the seventeenth section of the Road act make legal "the report of the said three chosen freeholders, or a majority of them, made in writing under their hands."

We find no error in these proceedings suggested in the reasons assigned for which there should be a reversal, and they are affirmed, with costs.